**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JANICE BAELE, ET AL.** | **CIVIL ACTION NO: 23-CV-1558** |
| **VERSUS** | **JUDGE DARREL JAMES PAPILLION** |
| **UNIVERSITY HEALTHCARE SYSTEM, L.C., ET AL.** | **MAGISTRATE JUDGE DONNA PHILLIPS CURRAULT** |

## <u>ORDER AND REASONS</u>

Before the Court is a Motion to Remand filed by Plaintiffs Janice Baele, Nicholas Baele, Dana Baele, and Mark Baele. R. Doc. 11.  For the reasons assigned below, Plaintiffs' motion is **DENIED**.

## I.      BACKGROUND

This is a medical malpractice action originally filed in Orleans Parish's Civil District Court. R. Doc. 1-1.  On May 10, 2023, Defendant Stephen Mallernee ("Mallernee") removed the action to this Court on the basis of diversity jurisdiction.  R. Doc. 1.  In his Notice of Removal, Mallernee stated "[u]pon information and belief, neither Defendant[1] has been served as of the time of the filing of this Notice of Removal."  *Id.* at ¶ 3.  Finding that Mallernee's Notice of Removal failed to adequately allege the citizenship of the parties, Judge Vitter[2] ordered Mallernee to file a comprehensive amended notice of removal by May 18, 2023.  R. Doc. 4.

On May 11, 2023, before Mallernee filed his Amended Notice of Removal, Plaintiffs served Defendant University Healthcare System, L.C.  R. Doc. 19 at 1.  Plaintiffs served Mallernee on May 22, 2023.  *Id.*  Both Defendants are alleged to be citizens of Louisiana for purposes of diversity jurisdiction.  R. Doc. 6 at ¶¶ 5–6.

---

[1] In addition to Mallernee, University Healthcare System, L.C. d/b/a Tulane Medical Center is a defendant.

[2] This action was originally assigned to Section D of the Eastern District of Louisiana, but was subsequently transferred to Section P on June 8, 2023.  R. Doc. 12.

On June 5, 2023, Plaintiffs filed a Motion to Remand, arguing that because Mallernee is a citizen of Louisiana, the removal of this action violates the forum defendant rule in 28 U.S.C. § 1441(b)(2).  R. Doc. 11 at ¶ 8.  On July 21, 2023, this Court ordered the parties to provide supplemental memoranda explaining why the removal in this case was not a proper snap removal under *Texas Brine Company, LLC v. American Arbitration Association Incorporated*, 955 F.3d 482 (5th Cir. 2020) and *Chastain v. New Orleans Paddlewheels Incorporated*, No. 21-CV-1581 2021 WL 5578443 (E.D. La. Nov. 30, 2021).  R. Doc. 17.  Having received the parties' supplemental filings, the Court turns to the issue of whether the removal in this action was a proper snap removal.

## II.    LAW AND ANALYSIS

Plaintiffs' Motion to Remand does not arise from a jurisdictional defect.  Rather, Plaintiffs argue this action must be remanded because removal in this case violates 28 U.S.C. § 1441(b)(2). Section 1441(b)(2), the so-called "forum defendant rule," provides actions removable based on diversity jurisdiction "may not be removed if any of the parties in interest properly *joined and served as defendants* is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2) (emphasis added).  Uncertainty once existed regarding whether Section 1441(b)(2)'s "may not be removed" and "is a citizen of the State in which such action is brought" language precluded removal in cases when a defendant removed a case from state court before the plaintiff had served a forum defendant.  In *Texas Brine*, the Fifth Circuit concluded a "defendant may remove an otherwise removable case when a named defendant who has yet to be 'properly joined and served' is a citizen of the forum state."  955 F.3d at 487.

While the holding in *Texas Brine* is confined to snap removal by non-forum defendants, district courts within the Fifth Circuit have extended the *Texas Brine* reasoning to cases involving

snap removal by forum defendants.  *See, e.g., Chastain*, 2021 WL 5578443, at *5; *Hvamstad v. Nat'l Interstate Ins. Co.*, No. 22-CV-1431, 2022 WL 17086690, at *2 (W.D. La. Nov. 3, 2022) (citing *Serafini v. SW Airlines Co.*, 485 F.Supp.3d 697, 699 (N.D. Tex. Sept. 8, 2020)).  This Court agrees with the reasoning and analysis of its fellow Fifth Circuit district courts that the text of Section 1441(b)(2) permits a forum defendant who has not been "properly joined and served" to remove an action under Section 1441(b)(2), and that such a reading of the Section does not lead to an absurd result.

Applying that analysis to the facts of this case, the Court concludes remand is inappropriate.  Mallernee and University Hospital, L.C. are both citizens of Louisiana, which would generally serve as an impediment to removing this action to a Louisiana federal court under the forum defendant rule.  Mallernee stated in his Notice of Removal, however, neither Defendant had been served at the time of removal.  Thus, Mallernee effected a snap removal, and the forum defendant rule is inapplicable.

Because a notice of removal is effective on the date it is filed in state court, and a case remains removed unless and until it is remanded, it is of no consequence, for snap removal purposes, that University Healthcare System, L.C. was served before Mallernee filed his Amended Notice of Removal.  *See* 28 U.S.C. § 1446(d) ("Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.").  That there was a defect in Mallernee's original Notice of Removal does not render the case unremoved in the period before the non-defective Amended Notice of Removal was filed.  *See Stevens v. Kimberly-Clark Corp.*, No. 20-CV-3731, 2021 WL 3232423, at *2 n.1 (N.D. Tex. July 29, 2021) ("Plaintiffs'

argument that the case should be remanded because Defendant's original notice of removal was defective is unavailing.").

This case was removed on May 10, 2023, at which time neither forum defendant had been "properly joined and served" within the meaning of Section 1441(b)(2).  The forum defendant rule, therefore, was no impediment to removal of this action as a snap removal.  Accordingly, Mallernee's removal was not improper under Section 1441(b)(2), and Plaintiffs' Motion to Remand must be **DENIED**.

### III.    CONCLUSION

For the foregoing reasons, **IT IS ORDERED** Plaintiffs' Motion to Remand (Record Document 11) is **DENIED**.

New Orleans, Louisiana, this 1st day of August, 2023.


_____
**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**